## Juriac v. Miljerick

*Thomas W. Dickey* and *Elmer T. Phillips*, for plaintiff.
*Alvah M. Shumaker*, for defendant.

HILDEBRAND, P. J., December 30, 1932.—The trial of this action in trespass, for injuries alleged to have been inflicted upon plaintiff through the negligence of the defendant, resulted in a verdict for the plaintiff. Defendant presented motions for a new trial and for judgment n. o. v. On argument before the court in banc, the defendant withdrew his motion for a new trial but pressed his motion for judgment.

The accident occurred on a straight hard road, there being on either side of the road a berm of gravel, stone, or slag 2 or 3 feet wide with a grass plot 5 or 6 feet in width lying outside the gravel, stone, or slag. The automobile of the defendant was being driven in a westerly direction along this road on its own proper side. The plaintiff was walking in an easterly direction along and on his left side of the road. The plaintiff saw the automobile coming towards him. At that time he was walking on the edge of the road with "one foot on the hard road and the other foot on the soft road, and so on, going alongside the edge". He was walking straight. When he saw the car coming he kept on going right along as he was walking before, "with one foot on the gravel and one foot on the hard highway". While so walking he was struck by the automobile of defendant. Defendant contends that the evidence of the plaintiff himself convicts him of contributory negligence and with this position we now agree.

The plaintiff having stated at one place in his testimony that at the time he was struck he was "standing on the ashes and cinder part", the plaintiff contends that the question of contributory negligence was one for the jury. Immediately before stating that he was on the berm of the road when struck, the plaintiff had said that he "was on the edge of the road". His position on the edge of the road was better shown in cross-examination as stated above. It is to be noted, too, that on redirect examination he again placed himself in the position of walking along the edge of the road and appears to have abandoned the statement made earlier that he was standing on the berm. The evidence of his witnesses discloses that the car which struck plaintiff was travelling along in an ordinary manner on its own proper side of the road and swerved to the left immediately before the collision. The position of the plaintiff's body on the improved part of the road following the accident and the marks on the right side of the automobile argue strongly against plaintiff's having been struck while standing on the berm. In view of these physical facts, the testimony of plaintiff's witnesses as to the sudden swerving of the car to the left, plaintiff's own apparent abandonment of his statement that he was standing on the berm, and his repeated statement that, after seeing the approaching car he kept on going right along as he was walking before, along and on the edge of the road, we are of opinion that plaintiff's contributory negligence becomes a question for the court and not one for the jury.

On the side of the road where the accident occurred the defendant had the superior right of way. The plaintiff, of course, had the right to travel as he was traveling on the left side of the road. Probably a regard for his safety prompted him to walk along that side of the road. Approaching traffic on that side of the road would be in front of him, while traffic approaching him on his own side of the road would be back of him. He thus placed himself in a position where, by proper use of his eyes, he might sooner become aware of traffic approaching him on the side of the road being used by him. He did see approaching the car which struck him. He thus must have become conscious of the danger that threatened him by retaining his position on the edge of the road. Instead of stepping aside on the wide berm as a person of ordinary prudence would certainly have done under the circumstances, he continued to walk along the edge of the road. Somewhat similar situations are presented in Malicki v. Brooks, 79 Pitts. L. J. 82, and Abele v. Harbison et ux., 70 Pitts. L. J. 145, in each of which cases the pedestrian was held to be guilty of contributory negligence as a matter of law. The plaintiff appears to have had the choice of two positions, one on the berm where he would have been free from danger and the other on the edge of the paved cartway with its apparent danger from the approaching automobile, and to have voluntarily chosen the dangerous position resulting in his injury. He is therefore guilty of contributory negligence and is not entitled to recover.

The defendant also urges that the incontrovertible physical facts as disclosed by plaintiff's evidence clearly show that the accident could not have happened as is contended for by the plaintiff. According to the plaintiff's story, he was walking straight along the edge of the road and was struck by the automobile on the same side of the road. These facts appear to call for injuries on the front of plaintiff's body or on his right side. The marks of injuries, however, appeared on his left side. While counsel for defendant has cited cases where the rule has been applied to injuries to automobiles, no cases have been cited where the rule has been applied to personal injuries such as here described. The case of Hunter v. New York, O. & W. R. R. Co., 116 N. Y. 615, cited by defendant as supporting the contention that the rule is applicable here, we

think fails to sustain the position. No conclusion was there reached by reason of the location of the injuries on the plaintiff's body. The conclusion was that no injury could have resulted as claimed by the plaintiff in view of the incontrovertible physical facts. The plaintiff there contended that he received his injury while seated on the top of a box car going through a tunnel, his head coming in contact with the roof of the tunnel. A space of 4 feet and 7 inches intervened between the top of the box car and the roof of the tunnel. The court, taking judicial notice of the length of a man's body, held that the head of a man seated upon the top of the box car could not be 4 feet and 7 inches above the top of the car so as to come in contact with the roof or ceiling of the tunnel.

While the evidence as to the location of the injuries argues against the accident occurring as described by plaintiff, it is not, in our opinion, such as to warrant the court in saying that they could not have been received as stated by plaintiff. The injuries to his left side might be accounted for by a sudden unconscious turn of the body or by his body's contact with the pavement.

However, our conclusion as to plaintiff's contributory negligence compels us to grant defendant's motion.

We therefore make the following

### Order

Now, December 30, 1932, defendant's motion for judgment n. o. v. is granted and judgment is directed to be entered in favor of the defendant and against the plaintiff.

From William McElwee, Jr., New Castle, Pa.